# In the United States Court of Federal Claims

No. 20-906C

(Filed: May 19, 2021)[1]

| | | |
|---|---|---|
| MICHAEL A. HENRY BEY, formally known as MICHAEL ANTHONY HENRY, | ) ) ) ) | |
| Plaintiff, | ) ) | Motion to Dismiss; RCFC 12(b)(1); Lack of Subject Matter Jurisdiction; RCFC 12(h)(3). |
| v. | ) ) | |
| THE UNITED STATES, | ) ) | |
| Defendant. | ) ) ) | |

Michael A. Henry-Bey, West Palm Beach, FL, pro se.[2]

Robert C. Bigler, Civil Division, United States Department of Justice, Washington D.C., with whom were Jeffrey Bossert Clark, Acting Assistant Attorney General, Robert E. Kirschman, Jr., Director, and Eric P. Bruskin, Assistant Director, for defendant.

## OPINION

Plaintiff filed his complaint in this case on July 20, 2020. See ECF No. 1. On September 25, 2020, defendant filed a motion to dismiss plaintiff's complaint for lack of jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC). See ECF No. 7. Plaintiff filed a response, ECF No. 8, and an amended

---

[1]     This opinion was filed under seal on April 20, 2021, in order to allow the parties an opportunity to propose appropriate redactions. See ECF No. 14. On May 19, 2021, the parties filed a joint status report in which they report that no redactions are required. See ECF No. 16. Accordingly, this public version of the opinion is identical to the sealed opinion with the exceptions of the filing date and the content of this footnote.

[2]     Plaintiff's name appears on his filings variously as Michael A. Henry Bey or Michael A. Henry-Bey. The court uses the non-hyphenated version to reflect the manner in which plaintiff listed his name in the caption on his complaint.

response, ECF No. 9, and defendant filed a reply, ECF No. 11.  For the following reasons, defendant's motion is **GRANTED**.

I.     Background

Plaintiff seeks to confirm a final arbitration award for $2,160,000 entered against The Office of Palm Beach County Circuit Clerk, Sharon R. Bock, Melissa Thomas, and Tony Lobianco by Sitcomm Arbitration Association (Sitcomm) on August 15, 2019.  See ECF No. 1 at 7; ECF No. 1-3 at 27 (arbitration award).  As indicated in the arbitration award, the underlying dispute concerns the alleged breach of contract number 875UY672-96ERT456789QYJGFK-FFGHJUYTRF4691© between plaintiff and the four named parties.  Id. at 5.

The complaint and its attachments do not describe in detail the terms of this contract or the alleged breaches that led to the arbitration award in plaintiff's favor. Plaintiff alleges only that he sent an unspecified "counteroffer" to the four named parties, which became an enforceable contract when they did not respond.  Id. at 4; see also ECF No. 1-3 at 5, 7-8.  Plaintiff attaches to his complaint a variety of documents, including a copy of his passport and documents seemingly related thereto, see ECF No. 1-3 at 30-51; and part of a May 5, 2019 letter, see ECF No. 1-3 at 53-58, that does not reflect a specific addressee, but indicates that courtesy copies were sent to the "Office of the Florida Governor" and the "U.S. Office of the Attorney General," id. at 53.  The portion of the letter attached to the complaint is not identified as a contract, but it does reference a variety of alleged acts or omissions by the four parties from whom plaintiff now seeks payment under the arbitration agreement.  See id. at 53-58.  The header of the letter includes a number that is similar, but not identical, to the contract number identified in the complaint.  See id. at 53 (reflecting the number 875UY672-96ERT456789QYJGFK-FFGHJUYTRF4691-LLG845212©, but not specifically indicating that it refers to a contract).

On June 30, 2019, plaintiff sought to adjudicate the alleged breach of contract through arbitration and filed a complaint against the four named parties with Sitcomm. ECF No. 1 at 4; see also ECF No. 1-3 at 5.  An arbitration hearing was held on August 12, 2019.  See ECF No. 1 at 4.  On August 15, 2019, the arbitrator ruled in plaintiff's favor, finding that the named parties breached their contract with plaintiff and ordering each of the named parties to pay plaintiff $540,000, for a total of $2,160,000.  See ECF No. 1 at 5; see also ECF No. 1-3 at 22-23.

On July 20, 2020, plaintiff filed suit in this court seeking to confirm this award. See ECF No. 1.  Plaintiff does not list the United States as a defendant, and acknowledges that the underlying arbitration award was entered against The Office of Palm Beach County Circuit Clerk, Sharon R. Bock, Melissa Thomas, and Tony Lobianco.  See ECF No. 1 at 1, 5.  Plaintiff alleges, however, that this court has

jurisdiction over this matter because the arbitration award "is a contract with the UNITED STATES (via, its registered and/or licensed agents)" and because the award states that "jurisdiction for the Final Award may be had under the Tucker Act in the U.S. Court of Claims as the exclusive jurisdiction for . . . damages against the UNITED STATES under contracts in excess of $10,000, since the matter is against an institution registered and licensed with the UNITED STATES, during the time of its conduct . . . ." Id. at 2 (emphasis omitted); see also ECF No. 1-3 at 7. Plaintiff then asks this court to exercise its jurisdiction to confirm the arbitration award, which orders the four named parties to pay plaintiff a total of $2,160,000. See ECF No. 1 at 7.

## II.    Legal Standards

Plaintiff is proceeding pro se and is "not expected to frame issues with the precision of a common law pleading." Roche v. U.S. Postal Serv., 828 F.2d 1555, 1558 (Fed. Cir. 1987). Accordingly, pro se plaintiffs are entitled to a liberal construction of their pleadings. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (requiring that allegations contained in a pro se complaint be held to "less stringent standards than formal pleadings drafted by lawyers") (citations omitted); see also Jaye v. United States, 781 F. App'x 994, 996 (Fed. Cir. 2019) ("Pro se parties are entitled to a liberal construction of their pleadings and are generally held to 'less stringent standards.'") (quoting Haines, 404 U.S. at 520-22)). The court has thoroughly examined the complaint and plaintiff's briefing to determine whether any of plaintiff's claims support this court's jurisdiction.

Pursuant to the Tucker Act, this court has the limited jurisdiction to consider "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). To invoke this court's jurisdiction, plaintiff must show that his claims are based upon the Constitution, a statute, a regulation, or an express or implied contract that "can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained." United States v. Mitchell, 463 U.S. 206, 216-17 (1983) (quoting United States v. Testan, 424 U.S. 392, 400 (1976)).

Plaintiff bears the burden of establishing the court's subject matter jurisdiction by a preponderance of the evidence. See Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). In reviewing plaintiff's allegations in support of jurisdiction, the court must presume all undisputed facts are true and construe all reasonable inferences in plaintiff's favor. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800, 814-15 (1982); Reynolds, 846 F.2d at 747 (citation omitted). If the court determines that it lacks subject matter jurisdiction, it must dismiss the complaint. See RCFC 12(h)(3).

III.    Analysis

    A.    The Court Lacks Subject Matter Jurisdiction in this Case

    As stated above, plaintiff asks this court to confirm the arbitration award entered against the four named parties on August 15, 2019.  See ECF No. 1 at 7.  Prior decisions make clear that this court may grant such relief "only after this court's jurisdiction is properly invoked."  Builder's Int'l (Senegal) S.A. v. United States, 211 Ct. Cl. 362, 363 (1976); see also Schlihs v. United States, 146 Fed. Cl. 495, 499 (2020) (noting that federal courts can only entertain claims for confirmation of an arbitration award "when there is an independent basis for jurisdiction").  For the reasons stated below, plaintiff has not done so here.

    As an initial matter, plaintiff does not allege a claim against the United States, placing this case outside this court's jurisdiction.  The Tucker Act limits this court's jurisdiction to "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States . . . ."  28 U.S.C. § 1491(a)(1) (emphasis added).  Plaintiff alleges that the arbitration award "is a contract with the UNITED STATES (via, its registered and/or licensed agents)."  ECF No. 1 at 2.  But this assertion is undermined by allegations in the complaint and by the arbitration award itself.  See ECF No. 1 at 5 (alleging that the final arbitration award plaintiff seeks to confirm was issued against the four named parties, not the United States); ECF No. 1-3 at 22 (issuing arbitration award against four named parties, not the United States).  Neither the complaint nor the arbitration award identifies the United States as a defendant in the arbitration proceedings or as a party to the underlying contract.  Moreover, the complaint and arbitration award focus on the actions of the four named parties, and neither the complaint nor its attachments allege facts to suggest that the four named parties were acting on behalf of the United States.  See ECF No. 1 at 4-5; ECF No. 1-3 at 5-6.

    The court has recently rejected an identical argument that Tucker Act jurisdiction should extend to "institution(s) registered and licensed with the United States."  Schlihs, 146 Fed. Cl. at 499.  In Schlihs, the court dismissed a complaint seeking to confirm an arbitration award issued by Sitcomm against two banks for lack of jurisdiction.  Id.  In doing so, the court concluded that plaintiff's claims "against institution(s) registered and licensed with the United States" were "not challenging actions taken by the United States."  Id.  The court also observed that plaintiff's complaint included "no coherent allegation" that the contract underlying her arbitration award was with the United States.  Id.  Similarly here, there are no coherent allegations that plaintiff is challenging any

4

actions taken by the United States or that plaintiff entered into a contract with the United States.[3]

Moreover, to the extent that plaintiff means to assert claims against the four parties named in the arbitration award, the court lacks jurisdiction to consider them. As stated above, the complaint lists the Office of Palm Beach County Circuit Clerk and three of its employees as defendants. See ECF No. 1 at 1-2. It is well-established that this court lacks "jurisdiction over any claims against states, localities, state and local government entities, or state and local government officials and employees." Anderson v. United States, 117 Fed. Cl. 330, 331 (2014) (citing United States v. Sherwood, 312 U.S. 584, 588 (1941)); see also El v. United States, 122 Fed. Cl. 707, 709 (2015) (stating that this court does not have jurisdiction "to hear claims against states, state agencies, or state officials."); Moore v. Pub. Defenders Office, 76 Fed. Cl. 617, 620 (2007) ("When a plaintiff's complaint names private parties, or local, county, or state agencies, rather than federal agencies, this court has no jurisdiction to hear those allegations."). As plaintiff's complaint only alleges claims against a county clerk's office and certain of its officials, the court lacks subject matter jurisdiction over it and must dismiss it.

Finally, to the extent that plaintiff argues that terms of the arbitration award confer jurisdiction upon this court, the court disagrees. Plaintiff notes in the complaint that the arbitration award gives this court jurisdiction. See ECF No. 1 at 2. The section of the award to which he refers states as follows:

> Should the Claimant elect that jurisdiction for the final award may be had under the Tucker Act in the United States Court of Federal [C]laims as the exclusive jurisdiction for said Court of Claims damages against the United States under contract in excess of $10,000. Since this matter is against an institution registered and licensed with the United States, during the time of its conduct is construed as one and the same as a matter of law; the Federal Court of Claims at the election of the Claimant, chosen proper jurisdiction to

---

[3]   In his response to defendant's motion to dismiss, plaintiff argues that 5 U.S.C. § 580(c) supports his position that "a Final Arbitration Award is binding on the parties and cannot be dismissed." ECF No. 8 at 1. This statute governs federal agencies' use of alternative dispute resolution proceedings. See 5 U.S.C. § 572. As such, it appears to have no application here. But even if it were applicable here, this statute does not cure the jurisdictional defects identified above and does not otherwise confer jurisdiction upon this court. The relevant statutory language reads: "No action brought to enforce such an [arbitration] award shall be dismissed nor shall relief therein be denied on the grounds that it is against the United States or that the United States is an indispensable party." 5 U.S.C. § 580(c). As stated above, plaintiff's failure to show that the United States was a party to the arbitration award or to the underlying contract is why this court—which can only hear claims brought against the United States—must dismiss his complaint for lack of jurisdiction.

have the matter determined under common law and/or as stipulated in the
contract at any court of original jurisdiction.

ECF No. 1-3 at 7.

As noted above, "[t]he Tucker Act defines the limited jurisdiction" of this court.
Gibson v. United States, 55 F. App'x 938, 939 (Fed. Cir. 2003).  For the reasons set forth
in this opinion, the court lacks jurisdiction over plaintiff's complaint under the Tucker
Act; the terms of the arbitration award do not and cannot change that.

Accordingly, the court lacks jurisdiction to consider plaintiff's claims, and grants
defendant's motion to dismiss.

B.     Transfer of this Case is Not Appropriate

Because the court has concluded that it does not have jurisdiction in this case, it
must now consider whether transfer to a court with jurisdiction is in the interest of justice.
As the statute states,

Whenever a civil action is filed in [this] court . . . and [this] court finds that there
is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer
such action or appeal to any other such court . . . in which the action or appeal
could have been brought at the time it was filed or noticed . . . .

28 U.S.C. § 1631.  "Transfer is appropriate when three elements are met:  (1) the
transferring court lacks subject matter jurisdiction; (2) the case could have been filed in
the court receiving the transfer; and (3) the transfer is in the interests of justice."  Brown
v. United States, 74 Fed. Cl. 546, 550 (2006) (citing 28 U.S.C. § 1631).

The court has already addressed the first element, finding that it lacks jurisdiction.
With regard to the final two elements, the court finds that, even if the complaint could
have been filed in another court, transferring plaintiff's complaint would not be in the
interests of justice.

"The phrase 'if it is in the interest of justice' relates to claims which are
nonfrivolous and as such should be decided on the merits."  Galloway Farms, Inc. v.
United States, 834 F.2d 998, 1000 (Fed. Cir. 1987) (citing Zinger Constr. Co. v. United
States, 753 F.2d 1053, 1055 (Fed. Cir. 1985)).  The decision to transfer "rests within the
sound discretion of the transferor court, and the court may decline to transfer the case
'[i]f such transfer would nevertheless be futile given the weakness of plaintiff's case on
the merits.'"  Spencer v. United States, 98 Fed. Cl. 349, 359 (2011) (quoting Faulkner v.
United States, 43 Fed. Cl. 54, 56 (1999)).  Applying these standards, the court denies
plaintiff's request to transfer because plaintiff's claims are frivolous.

6

As an initial matter, plaintiff's claims are premised on a suspect arbitration award. This court has expressed serious concerns about the legitimacy of arbitration awards issued by Sitcomm.  See Harvey v. United States, 149 Fed. Cl. 751, 773-74 (2020), aff'd --- F. App'x ---, 2021 WL 377806 (Feb. 3, 2021) (dismissing complaint seeking confirmation of Sitcomm award premised on the breach of an alleged contract pursuant to Rule 12(b)(6) where plaintiff had failed to demonstrate that a contract existed between plaintiff and the United States and collecting cases questioning the legitimacy of arbitration awards issued by Sitcomm); Schlihs, 146 Fed. Cl. at 497 n.1 (observing that "tarradiddle and lack of clarity seems to be a recurring theme in Sitcomm's decisions" and quoting U.S. Bank Nat'l Ass'n v. Nichols, No. 19-cv-482, 2019 WL 4276995, at *2-3 (N.D. Okla. Sept. 10, 2019), describing Sitcomm's decisions as "a 'bizarre jumble of inconsistent, nonsensical word salad . . . memorialized in 28 pages of uninformative blatherskite,'" and Brown v. Ally Fin., Inc., No. 2:18-cv-70, 2019 WL 6718672, at *3 n.1 (S.D. Miss. Dec. 10, 2019), referring to Sitcomm awards as "part of a larger fraudulent enterprise").

Moreover, plaintiff has a history of filing claims before federal courts, and, in at least one case, the court imposed limitations on his ability to file additional claims related to his former, Florida-based residence.  See Bey v. The Bank of New York Mellon, et al., No. 17-cv-81077 (S.D. Fla. June 16, 2019), ECF No. 31 (deeming plaintiff a "vexatious litigant" and prohibiting him from filing any documents related to his residence in Florida without representation); see also Henry-Bey v. Castro, et al., No. 20-1125 (Fed. Cir. Mar. 2, 2020), ECF No. 17 (dismissing plaintiff's appeal of the Southern District of Florida's October 9, 2019 decision in Henry-Bey v. Castro, et. al., No. 9:19-cv-81281, concluding that transfer would not be in the interest of justice, and noting that "any future filing by Mr. Henry-Bey pertaining to this same matter will likely be met with sanctions."); Henry Bey v. Bank of New York Mellon, et al., No. 18-1480 (Fed. Cir. Apr. 6, 2018), ECF No. 18 (dismissing appeal for lack of subject matter jurisdiction and declining to transfer "frivolous appeal" to the Eleventh Circuit); Henry-Bey v. Castro, et al., No. 9:19-cv-81281 (S.D. Fla. Oct. 9, 2019), ECF No. 8 (noting the sanctions previously imposed against plaintiff and dismissing plaintiff's complaint to confirm Sitcomm award as an attempt "to subvert that prior Order by filing on a new docket under the pretense of an apparently fraudulent arbitration award").

It appears that if transfer were warranted, the United States District Court for the Southern District of Florida would be the appropriate venue for plaintiff's claims against the Office of the Palm Beach Circuit Clerk and its employees.  See 28 U.S.C. § 1391(b)(1)-(2).  Based on plaintiff's litigation history, and the sanctions the Southern District of Florida has previously imposed, however, transfer of the instant case is not in the interests of justice.

Accordingly, the court concludes that transfer would not be in the interests of justice and declines to do so.

IV.     Conclusion

Accordingly, for the foregoing reasons:

(1)     Defendant's motion to dismiss, ECF No. 7, is **GRANTED**;

(2)     The clerk's office is directed to **ENTER** final judgment for defendant **DISMISSING** plaintiff's complaint for lack of subject matter jurisdiction, without prejudice, pursuant to RCFC 12(h)(3); and

(3)     On or before **May 21, 2021**, the parties are directed to **CONFER** and **FILE** a **notice** informing the court as to whether any redactions are required before the court makes this opinion publicly available, and if so, attaching an agreed-upon proposed redacted version of the opinion.

IT IS SO ORDERED.

s/*Patricia E. Campbell-Smith*
PATRICIA E. CAMPBELL-SMITH
Judge